*D. H. Colerick*, *W. H. Coombs*, and *R. Brackenridge*, for <span style="float:right">Lewis</span>
the plaintiff. <span style="float:right">v.<br>Houston.</span>

*H. Cooper*, for the defendant.

---

### Lewis, Administrator, *v.* Houston.

Petition in the Probate Court against an administrator for payment of a judgment against his intestate, alleging waste, &c. The petition was filed in 1842, and before the expiration of a year from the time of the defendant's appointment as administrator. *Held*, that, without evidence of waste, the suit could not be sustained.

APPEAL from the *Fayette* Probate Court. <span style="float:right">Saturday,</span>

Blackford, J.—This is a petition, in the nature of a bill in <span style="float:right">January 25, 1845.</span>
chancery, filed in *July*, 1842, in the Probate Court of *Fayette*
county, by the appellee against the administrator of *Theodore
R. Lewis*, deceased. The petition states that the plaintiff obtained judgment at the fall term of the *Fayette* Circuit Court,
1841, against the intestate for a certain sum of money, which
remains unpaid; that the intestate died in the fall of 1841,
subsequently to the judgment, leaving a large quantity of
goods and chattels; that the defendant had obtained letters
of administration on the estate, received said goods and chattels, and wasted them, &c. Prayer, that the defendant show
cause why he should not pay the judgment, and why he
should not be removed as administrator.

The defendant, in his answer to the petition, admits the
existence of the judgment, but insists that it is void as having
been obtained by fraud. He denies the alleged waste, and
relies on the fact that the petition was filed before the expiration of a year from the time of his appointment as administrator. The cause was tried on its merits by the Court, and
judgment rendered against the defendant for one half of the
amount of the judgment described in the petition.

The suit being objected to on account of the time of its
commencement, and the objection appearing on the face of
the petition, the plaintiff was authorized to proceed only in

consequence of the allegation of waste.   R. S. 1838, pp. 182, 191.   The record, which contains all the evidence given in the cause, does not show that there was any proof whatever of the waste charged in the petition ; and the judgment for the plaintiff is consequently erroneous.

*Per   Curiam.* — The judgment is reversed with costs. Cause remanded, &c.

*C. B. Smith* and *J. S. Newman*, for the appellant.

*S. W. Parker*, for the appellee.